1  GREGORY C. CHENG State Bar No. 226865
   gregory.cheng@ogletreedeakins.com
2  LAUREN M. COOPER State Bar No. 254580
   lauren.cooper@ogletreedeakins.com
3  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   Steuart Tower, Suite 1300
4  One Market Plaza
   San Francisco, CA  94105
5  Telephone:    415.442.4810
   Facsimile:    415.442.4870
6
   Attorneys for Defendant
7  HOME DEPOT U.S.A., INC.

8
                  UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10

11
   AARON LEWIS,                              Case No.: 3:12-cv-06354- EMC
12
                Plaintiff,                   **DEFENDANT HOME DEPOT U.S.A., INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT**
13
        v.
14
   THE HOME DEPOT U.S.A., INC., a            Date:       February 14, 2013
15 corporation; ELENA PEREZ, an individual,  Time:       1:30 p.m.
   and DOES 1 - 20,                          Courtroom:  5
16
                Defendants.                  Action filed:   November 15, 2012
17

## I. INTRODUCTION

Fraudulent joinder occurs when a plaintiff intentionally adds a sham or nominal defendant to avoid federal court jurisdiction. The inclusion of individual Defendant Elena Perez ("Perez") in this lawsuit is a classic example of a "sham" defendant in the employment-litigation context. There is little doubt that the sole reason Plaintiff individually sued Perez (a district human resources manager for Home Depot) was to destroy federal diversity jurisdiction between Plaintiff Aaron Lewis ("Plaintiff") and Defendant Home Depot U.S.A., Inc. ("Defendant" or "Home Depot")[1].

Plaintiff's entire motion is predicated upon his argument that Defendant cannot meet its burden of demonstrating fraudulent joinder because the law regarding individual liability under the California Family Rights Act ("CFRA") is neither obvious nor settled. To the contrary, California law is well-settled as it clearly holds that there is *no* individual liability under the CFRA.[2] As explained in greater detail below, Plaintiff's motion fails for several reasons.

First, the CFRA is unambiguous. As distinct from the Family Medical Leave Act ("FMLA"), the CFRA clearly defines "employer" as one who "employs 50 or more persons to perform services for a wage or salary." Gov. Code Sec. 12945.2(c)(2)(A). However, Plaintiff never cited this statute or the specific text of the CFRA prohibiting retaliation by an "employer." Rather, he curiously cites the FMLA's definition of "employer" which is different from the CFRA. As several courts have held, the CFRA's plain language prohibits individual liability.

Second, Plaintiff's contention that California amended the CFRA "to conform it to the FMLA in areas where the FMLA had exceeded employee protections offered by the CFRA" is misleading. What he fails to mention is that in this effort, the Legislature left untouched the

---

[1] As of the date of this filing – more than two months from the service of the Complaint on Home Depot – Ms. Perez still has not been served. This only further demonstrates Plaintiff's intent to include this individual defendant solely for the purpose of destroying diversity.

[2] Plaintiff cites one published decision supporting his contention that there is "ambiguity" as to whether individual liability can be imposed under the CFRA. *Mielke v. ConocoPhillips Co.*, 2005 U.S. Dist. LEXIS 11262 (N.D.Cal.2005). However, this same argument was subsequently rejected. *Wong v. Thomson Reuters (Markets) LLC*, 2011 U.S. Dist. LEXIS 78775 *12 (N.D.Cal.2011).

CFRA's limited definition of who could be liable for retaliation

Lastly, California law regarding CFRA individual liability is settled and unambiguous. The controlling state law is embodied in *Nazir v. United Airlines, Inc.*, 178 Cal.App.4th 243 (2009). In *Nazir*, the Court unambiguously held that there is *no* individual liability under CFRA. While Plaintiff makes the inaccurate contention that *Nazir* never analyzed or discussed this issue, this same argument was advanced and refuted by Judge William Alsup in *Wong v. Thomson Reuters (Markets) LLC*, 2011 U.S. Dist. LEXIS 78775 *12 (N.D.Cal.2011). Specifically, *Wong* rejected the notion that the brevity with which the CFRA is discussed in *Nazir* renders its definitive language less persuasive.

Accordingly, under the controlling law in this state, Plaintiff cannot allege a viable claim of CFRA retaliation against Perez individually and his motion should be denied.

## II. PROCEDURAL HISTORY

On November 15, 2012, Plaintiff filed his Complaint against Home Depot and Perez in Alameda County Superior Court. Home Depot is a citizen of the States of Delaware and Georgia and Plaintiff is a citizen of California. Plaintiff asserts the following ten causes of action against Home Depot: (1) disability discrimination in violation of the Fair Employment and Housing Act ("FEHA"); (2) failure to provide reasonable accommodation in violation of FEHA; (3) failure to engage in the interactive process in violation of FEHA; (4) retaliation in violation of FEHA; (5) failure to prevent and remedy discrimination in violation of FEHA; (6) wrongful termination in violation of public policy; (7) retaliation in violation of the CFRA; (8) unpaid overtime wages; (9) waiting time penalties; and (10) unfair competition. Plaintiff asserts only *one* cause of action against Perez, his seventh cause of action for retaliation in violation of the CFRA.

On December 14, 2012, Home Depot timely removed the action to federal court on the basis of diversity jurisdiction and that individual defendant, Perez, was fraudulently joined solely to destroy federal diversity. On December 31, 2012, Plaintiff filed the instant Motion to Remand and set the hearing for February 5, 2012. Plaintiff's entire motion is premised on the incorrect and unsupported assertion that an individual defendant can be held liable under CFRA, and therefore, Perez, as a citizen of California, defeats diversity jurisdiction. However, contrary to Plaintiff's

lengthy argument concerning the similarities between the FMLA and CFRA, such analysis should never be reached. The unambiguous language of CFRA provides that only employers, not individuals, may be found liable for retaliation. Notwithstanding, California law clearly holds that there is no individual liability under the CFRA.

## III. LEGAL ARGUMENT

### A. The State Court Lacks Subject Matter Jurisdiction Because Perez has been Fraudulently Joined

The sole cause of action asserted against individual defendant Perez, is Plaintiff's seventh cause of action for retaliation in violation of the CFRA. The law is clear, however, that CFRA does not impose liability on individual defendants. Plaintiff has, therefore, fraudulently joined Perez as an individual defendant and his motion to remand must be denied.

#### 1. Plaintiff Fails to Address the Plain Language of the Statute Through Which He Seeks to Impose Personal Liability on Perez

Plaintiff fails to address the specific portion of the statute on which he bases his claim against Perez individually. Instead, he ignores the relevant portions of the CFRA entirely and launches into a discussion of the implementing regulations and what *might* be the effect of an analogous federal law. This deliberate omission clearly demonstrates Plaintiff's recognition that the statutory language is fatal to his claim.

The section of the CFRA under which Plaintiff seeks to impose individual liability to Perez makes it an unlawful employment practice for:

> [A]n **employer** to refuse to hire, or to discharge, fine, suspend, expel, or discriminate against, any individual because of any of the following: (1) An individual's exercise of the right to family care and medical leave . . . [or] (2) An individual's giving information or testimony as to his or her own family care and medical leave . . . in any inquiry or proceeding related to rights guaranteed under this section."

Gov. Code Sec. 12945.2(1) (emphasis added). The statute also explicitly defines "employer" as one who "employs 50 or more persons to perform services for a wage or salary." Gov. Code Sec. 12945.2(c)(2)(A). Perez, as an individual, clearly does not fall within the CFRA's definition of "employer." Rather, Perez is employed by Home Depot as a human resources manager.

Indeed, several courts have reached the same conclusion that there is no individual liability under the plain words of the CFRA. *Herrera v. The Pepsi Bottling Group, Inc.*, 2010 U.S. Dist. LEXIS 121480 (E.D. Cal. 2010) (denying motion to remand and finding that plain words of CFRA retaliation section excludes possibility of supervisor's liability); *Corrales v. United Rentals, Inc.*, 2010 U.S. Dist. LEXIS 58370 (C.D. Cal. 2010) (denying plaintiff's motion to remand and granting defendant's motion to dismiss finding that the individual defendant was not subject to liability under CFRA), *Bedwell v. Fish & Richardson, P.C.*, 2008 U.S. Dist. LEXIS 60345 at * 8 (S.D. Cal. 2008) (granting defendant's motion to dismiss for failure to state a cognizable claim upon which relief may be granted based on a finding that "the plain language of the CFRA forecloses supervisor liability"); *McLaughlin v. Solano County*, 2008 U.S. Dist. LEXIS 64457 at * 6 (E.D. Cal. 2008) (dismissing plaintiff's CFRA claim against individual defendant based on clear precedent that "[u]nder CFRA, individual supervisors may not be sued.")

The first canon of statutory construction is that there is no need to look at secondary sources where the plain words of the statute or not ambiguous. *See Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253-254 (1992) ("[w]hen words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'"). Accordingly, the Court's inquiry should end here, with the conclusion that the individual defendant is not an "employer" subject to suit under the CFRA.

### 2. Secondary Sources Do Not Control And/Or Do Not Support Plaintiff's Argument

In avoiding the discussion of the plain language of the relevant portions of the CFRA, Plaintiff misdirects the Court to the FMLA. As Plaintiff states, the FMLA specifically provides for individual liability, defining "employer" to include "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." 29 U.S.C. § 2611(4)(A)(II)(i). The CFRA, on the other hand, as noted above, defines "employer" only as a person directly employing 50 or more individuals. Gov. Code Sec. 12945.2(c)(2)(A). Plaintiff clearly chose not to bring a federal claim under the FMLA, a statute which clearly allows for liability against an individual defendant, in an apparent attempt to avoid federal jurisdiction.

Plaintiff's tactical decision in this regard only highlights his effort to avoid federal diversity jurisdiction.

Here, there is no ambiguity and therefore no need to consult the legislative history. *Yang v. California Dept. of Social Services,* 183 F.3d 953, 958 (9th Cir. 1999). Notwithstanding, Plaintiff points to the legislative history of various amendments to other parts of the CFRA. He argues that after the passage of the FMLA, California amended the CFRA "to conform it to the FMLA in areas where the FMLA had exceeded employee protections offered by the CFRA." (Plaintiff's Motion to Remand, p. 7.) Plaintiff continues his argument by stating that the legislative enactments included "multiple different conforming amendments to ensure that the CFRA tracked or paralleled the FMLA." (Id.) What Plaintiff fails to mention is that in this effort, the Legislature *left untouched* CFRA's limited definition of who could be liable for retaliation (limiting liability to employers and certain governmental entities). Thus, the failure to amend this portion of the CFRA, while conforming it to the FMLA in numerous other respects, cuts against Plaintiff's suggestion that CFRA should somehow be read to mean the same thing as FMLA, despite the key differences in their statutory language. Nevertheless, it is clear that the Legislature intentionally chose not to amend the CFRA's definition to include liability to individual defendants.

Next, Plaintiff contends that a regulation created by the Fair Employment and Housing Commission ("FEHC") "confirms that CFRA retaliation liability extends to an individual ("any person") who engages in CFRA-prohibited retaliation." (Plaintiff's Motion to Remand, p. 7.) California Code of Regulations section 7297.7 provides that:

> In addition to the retaliation prohibited by Government Code section 12940, subdivision (f), and section 7287.8 of the regulations, it shall be an unlawful employment practice for any person to discharge, fine, suspend expel, punish, refuse to hire, or otherwise discriminate against any individual, . . .because the individual has: (a) exercised his or her right to CFRA leave, and/or, (b) given information or testimony regarding his or CFRA leave, or another person's CFRA leave, in any injury or proceeding related to any right guaranteed under this subchapter.

Cal. Code Regs. Tit. 2, § 7297.7.

Plaintiff's interpretation of Section 7297.7 impermissibly extends the scope of the statute. Under California law, an agency such as the FEHC cannot alter or enlarge the terms of a legislative

enactment. *See Colmenares v. Braemar Country Club, Inc.*, 29 Cal.4th 1019 (2003) (citing *Carmel Valley Fire Prot. Dist. V. California*, 25 Cal.4th 287 (2001)) (an agency, like the FEHC, "has no discretion to promulgate regulations that are inconsistent with the governing statute, in that they alter or amend the statute or enlarge or impair its scope."); *see also Corrales v. United Rentals, Inc.*, 2010 U.S. Dist. LEXIS 58370 * 8-9 (C.D. Cal. 2010) (rejecting plaintiff's argument that section 7297.7 extends the scope of CFRA's retaliation provision to include individual liability and denying the plaintiff's motion to remand.) Thus, the FEHC regulation cannot expand liability beyond that established by the CFRA from which it derives its authority, and cannot create a claim for CFRA retaliation against Perez.

### 3. California Law Regarding CFRA Liability is Settled and Unambiguous

Plaintiff argues that the California Supreme Court case of *Jones v. The Lodge at Torrey Pines*, 42 Cal.4th 1158 (2008), which found that individual supervisors could not be liable for retaliation under FEHA, does not apply to a retaliation claim under the CFRA because they are different statutes[3]. This argument is patently incorrect. In *Jones*, the California Supreme Court found that individual supervisors could not be held liable for retaliation despite the use of the word "person" in the FEHA provision. *Id.* at 1173. Therefore, it logically follows that if a definition of "employer" that includes the word "person" does not impose individual liability, then the CFRA's definition of "employer," which does **not** include the word "person" also does not impose individual liability. Moreover, the policy reasons discussed at length in the *Jones* decision, such as the ability of individual supervisors to avoid harassing acts as contrasted with their inability to avoid making personnel decisions, apply with equal force to retaliation claims brought under CFRA. *Id.* at 1164-1168.

California case law also affirms its meaning. *See Nazir v. United Airlines, Inc.*, 178 Cal.App.4th 243 (2009). While Plaintiff attempts to discredit *Nazir* by arguing that it is a very long decision which only discusses CFRA retaliation briefly, *Nazir* is squarely on point and there is no contrary published state opinion. Thus, it is the unambiguous controlling law of the State of

---

[3] Plaintiff makes this claim despite the fact that CFRA is technically part of FEHA.

California. *See Auto Equity Sales, Inc. v. Superior Court*, 57 Cal.2d 450, 455-456 (1962) (where there was only one California appellate court case on point, under *stare decisis*, the case had to be followed by all of the State's trial courts). In fact, this Court addressed the same argument in *Wong v. Thomson Reuters (Markets) LLC*, and found the plaintiff's argument in that case unpersuasive. *Wong v. Thomson Reuters (Markets) LLC*, 2011 U.S. Dist. LEXIS 78775 * 12 (N.D. Cal. 2011) (rejecting the plaintiff's argument that the brevity with which the CFRA is discussed in the *Nazir v. United Airlines, Inc.* decision renders its definitive language less persuasive).

In a last ditch attempt to manufacture ambiguity regarding California law concerning individual liability under CFRA, Plaintiff directs the Court to one other published federal district court decision, in which the court granted remand based on an issue similar to one raised in the instant motion. *Mielke v. ConocoPhillips Co.*, 2005 U.S. Dist. LEXIS 11262 (N.D. Cal. 2005), the one published decision cited to by Plaintiff to support his contention that ambiguity exists regarding individual liability under CFRA, remanded the plaintiff's action to State Court on the grounds that Cal. Admin. Code Title 2, § 7297.7 created sufficient ambiguity in California law. This Court has since rejected this argument in its decision in *Wong v. Thomson Reuters (Markets) LLC*, 2011 U.S. Dist. LEXIS 78775 * 8-10 (N.D. Cal. 2011) ("As plaintiff's interpretation of the Commission's regulation counteracts the clear language of the Act, this order cannot allow the retaliation claim to proceed against the individual defendant on this basis.").

Plaintiff also requests that the Court take judicial notice of three unpublished district court orders from the Central District of California. These unpublished decisions are not persuasive and should not be considered in this Court's decision. Notwithstanding, these lower court decisions are distinguishable. First, *Suba v. W.W. Grainger, Inc., et al.*, Case No. 08-00393-VAP was decided *prior* to the *Nazir* decision. Therefore, since California has since clarified its position with respect to individual liability under CFRA, the analysis in this case should not be given any weight. Second, in granting the plaintiff's motion to remand in *Kenny v. Banc of America Merchant Services, LLC*, CV 11-4386 DSF, the Central District neglected to consider the relevant California case law, *Nazir*, and remanded on the same grounds as *Mielke*, that Cal. Admin. Code Title 2, § 7297.7 created sufficient ambiguity in California law. For the same reasons as stated above, this

1 argument fails because an agency, like FEHC, "has no discretion to promulgate regulations that are inconsistent with the governing statute, in that they alter or amend the statute or enlarge or impair its scope." *See Colmenares v. Braemar Country Club, Inc.*, 29 Cal.4th 1019 (2003) (citing *Carmel Valley Fire Prot. Dist. V. California*, 25 Cal.4th 287 (2001)); see also *Wong v. Thomson Reuters (Markets) LLC*, 2011 U.S. Dist. LEXIS 78775 * 8-10 (N.D. Cal. 2011). Finally, in *Alvarez v. Yellow Roadway Corporation, et al.*, Case No. 12-9116 JFW, the Central District again failed to consider *Nazir*, the relevant controlling California case law, and remanded, without providing *any* analysis on the issue of whether or not CFRA provides for individual liability.

As such, contrary to Plaintiff's argument, there is no real ambiguity in the CFRA section in question. As demonstrated above, the statute defines "employer," and that definition does not include individual employees, such as Perez. *Wong .v. Thomson Reuters (Markets) LLC*, 2011 U.S. Dist. LEXIS 78775 * 12 (N.D. Cal. 2011) (dismissing plaintiff's CFRA claim against individual defendants for failure to state claim on grounds that California law clearly holds that individual defendants cannot be held liable under CFRA.). Because it is well settled that California law does not impose liability on individual defendants under CFRA, Plaintiff's claim against Perez fails as a matter of law.

Accordingly, because there is no possibility that Plaintiff will be able to establish a cause of action against Perez in state court, Perez is a "sham" defendant and Plaintiff's motion to remand must be denied.

///
///
///
///
///
///
///
///
///

## IV. CONCLUSION

For the foregoing reasons, Defendant Home Depot U.S.A., Inc. respectfully requests that this Court deny Plaintiff Aaron Lewis's motion for remand.

DATED: January 24, 2013

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Gregory C. Cheng
GREGORY C. CHENG
LAUREN M. COOPER
Attorneys for Defendants
HOME DEPOT U.S.A., INC.

14033768.1 (OGLETREE)