UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AARON LEWIS,

        Plaintiff,

    v.

HOME DEPOT U.S.A., INC., *et al.*,

        Defendants.

_____/

No. C-12-6354 EMC

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

**(Docket No. 12)**

Having considered the parties' briefing and accompanying submissions, as well as the oral argument of counsel, the Court hereby **DENIES** Plaintiff Aaron Lewis's motion to remand. This order memorializes the rulings made by the Court at the hearing on February 14, 2013, and provides further analysis as necessary.

## I.    FACTUAL & PROCEDURAL BACKGROUND

Mr. Lewis initiated this action against Defendants Home Depot U.S.A., Inc. and Elena Perez, a human resources manager for Home Depot, in state court. In his complaint, Mr. Lewis asserted only state law causes of action. The sole claim pled against Ms. Perez was a claim for retaliation in violation of the California Family Rights Act ("CFRA").

Subsequently, Home Depot removed the case to federal court. Home Depot asserted that there was diversity jurisdiction over the instant action because Ms. Perez had been fraudulently joined to the lawsuit and therefore her citizenship could be ignored. According to Home Depot, there was fraudulent joinder because, as a matter of law, a supervisor such as Ms. Perez cannot be

held individually liable under the CFRA. Mr. Lewis then filed the currently pending motion to remand.

## II. DISCUSSION

### A. Legal Standard

A case may be removed to federal court only if the federal court would have possessed original jurisdiction over the case. *See* 28 U.S.C § 1441 (a). Here, Home Depot contends that there is diversity jurisdiction. Diversity jurisdiction requires complete diversity of citizenship between the plaintiffs and defendants and an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332 (a).

It is undisputed that both Mr. Lewis and Ms. Perez are citizens of California, which would ordinarily preclude diversity jurisdiction. However, as noted above, Home Depot asserts that Ms. Perez has been fraudulently joined to the lawsuit precisely to defeat diversity jurisdiction. "Although there is a general presumption against fraudulent joinder, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent.'" *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

### B. Express Language of CFRA

As a preliminary matter, the Court notes that the express language of the CFRA establishes that a supervisor cannot be held individually liable under the statute. The CFRA provides that "[i]t shall be an unlawful employment practice for an employer to refuse to hire, or to discharge, fine, suspend, expel, or discriminate against, any individual because of . . . [a]n individual's exercise of the right to family care and medical leave provided by subdivision (a)." Cal. Gov't Code § 12945.2(l). Thus, under the statute, only an "employer" may be held liable.

"Employer" is defined in the CFRA as, *inter alia*, "[a]ny person who directly employs 50 or more persons to perform services for a wage or salary." Cal. Gov't Code § 12945.2(c)(2)(A). A supervisor is not one who "directly employs."

Although Mr. Lewis argues that a supervisor may be held individually liable under the CFRA because such liability is possible under the federal Family Medical Leave Act ("FMLA"), he

ignores the fact that the term "employer" under the FMLA has a much more expansive definition. Under the FMLA, an "employer" means "any person . . . who employs 50 or more employees" *and* includes "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." 29 U.S.C. § 2611(4)(A)(ii)(I).

Mr. Lewis further contends that a supervisor can be held individually liable based on a regulation issued by the California Fair Employment and Housing Commission ("FEHC"), which provides as follows: "[I]t shall be an unlawful employment practice for any person to discharge, fine, suspend, expel, punish, refuse to hire, or otherwise discriminate against any individual . . . because that individual has . . . exercised his or her right to CFRA leave." 2 Cal. Code Reg. § 7297.7(a). But this argument is unavailing for two reasons.

First, § 7297.7(a) simply reflects that a "person" can be held individually liable. This is consistent with § 12945.2(c)(2)(A) which states that an employer can be a person. But simply because an employer can be a person does not address the issue of whether the *supervisor* of an employer may be held individually liable.

Second, even if the FEHC intended § 7297.7(a) to impose individual liability on a supervisor, the FEHC "has no discretion to promulgate [a] regulation[] that [is] inconsistent with the governing statute, in that [the regulation] 'alter[s] or amend[s] the statute or impair[s] its scope.'" *Colmenares v. Braemar Country Club, Inc.*, 29 Cal. 4th 1019, 1021 (2001). Interpreting the FEHC regulation to impose liability on "any person" regardless of employer status renders the CFRA's definition of "employer" nugatory. Notably, Judge Alsup of this District reached this same conclusion in *Wong v. Thomson Reuters (Mkts.) LLC*, No. C 11-02864 WHA, 2011 WL 2912900, at *3 (N.D. Cal. July 20, 2011).

C.  *Nazir*

Not only does the express language of the CFRA establish that a supervisor may not be held individually liable, but also the only state court to have addressed the issue has held that a supervisor may not be held individually liable. *See Nazir v. United Airlines, Inc.*, 178 Cal. App. 4th 243, 287 (2009). In *Nazir*, plaintiff sued United Airlines and his individual supervisor for retaliation in violation of both the CFRA and the FEHA, among other claims. *See id.* at 250. The California

3

Court of Appeal affirmed summary adjudication on the retaliation claims as to the plaintiff's supervisor because "[t]here is...no individual liability for retaliation." *Id.* at 287.

Mr. Lewis criticizes the *Nazir* case, suggesting that it did not address the issue of whether a supervisor may be held individually liable under the CFRA (as opposed to the Fair Employment and Housing Act ("FEHA")). But simply because the *Nazir* court cited a FEHA case -- *Jones v. Torrey Pines Partnership*, 42 Cal. 4th 1158 (2008) -- does not mean that it did not address the issue of liability under the CFRA. Indeed, a close reading of *Nazir* demonstrates that the court was opining on the issue of individual supervisor liability under both the FEHA and the CFRA. The court expressly noted that the plaintiff had asserted three claims for retaliation, one of which -- the ninth -- was for retaliation under the CFRA. *See Nazir*, 178 Cal. App. 4th at 250, 287. The court then went on to note that there is "no individual liability for retaliation, so the summary adjudication of *these* claims in favor of [the supervisor] is affirmed." *Id.* at 287 (emphasis added). Necessarily, the Court of Appeal adjudicated the CFRA claim.

Moreover, the fact that the *Nazir* court cited *Jones* in support of its decision on the CFRA makes sense. By citing *Jones*, the *Nazir* court implicitly found the rationale of *Jones* -- in which the California Supreme Court found that there was no individual supervisor liability under FEHA -- applies to the CFRA as well. The policy rationales identified by the California Supreme Court in *Jones* are equally applicable to the CFRA. As *Jones* noted, individual supervisor liability would potentially punish supervisors that cannot avoid personnel decisions, hold individual supervisors liable for collective corporate employment decisions, and subject individual supervisors to the threat of a lawsuit after every personnel decision. *See Jones*, 42 Cal. 4th at 1167. These rationales apply to CFRA as well as the FEHA. Moreover, as with FEHA, individual supervisor liability under the CFRA would force employees to choose between loyalty to their employers and their personal interests in avoiding lawsuits. *See id.* at 1166. Finally, FEHA exempts "employers" with less than 5 employees, and similarly the CFRA exempts "employers" with less than 50 employees. *See* Cal. Gov't Code §§ 12926(d), 12945.2(c)(2)(A). Under both statutes, it would be inconsistent to exempt small employers yet hold individual supervisors liable for retaliation. Thus, each policy rationale behind prohibiting individual liability under FEHA applies with equal force to the CFRA.

At the hearing, Mr. Lewis made one final argument in the attempt to avoid *Nazir* -- *i.e.*, that for fraudulent joinder, the plaintiff's failure to state a claim against the nondiverse defendant must be obvious according to the settled rules of the state. But Mr. Lewis has failed to point to any state court that has reached a conclusion contrary to that of the *Nazir* court, and so this Court must defer to the *Nazir* court's interpretation of California law, the only appellate authority on point. *See Owen v. United States*, 713 F.2d 1461, 1464 (9th Cir. 1983) ("In the absence of a pronouncement by the highest court of a state, the federal courts must follow the decision of the intermediate appellate courts of the state unless there is convincing evidence that the highest court of the state would decide differently.") (quoting *Andrade v. City of Phoenix*, 692 F.2d 557, 559 (9th Cir.1982) (internal quotations omitted); *Hernandez v. Towne Park, Ltd.*, No. CV 12-02972 MMM JCGX, 2012 WL 2373372, at *21 n.62 (C.D. Cal. June 22, 2012) (opining, in the remand context, that the Ninth Circuit has "strongly stated that when applying California law, federal district courts should follow precedential decisions by the California Court of Appeal").

### III. CONCLUSION

For the foregoing reasons, the Court agrees with Home Depot that Ms. Perez was fraudulently joined to the instant case, and therefore her citizenship may be disregarded. Without Ms. Perez, there is complete diversity, and therefore Home Depot properly removed the case to federal court. Mr. Lewis's motion to remand is, accordingly, denied.

This order disposes of Docket No. 12.

IT IS SO ORDERED.

Dated: March 6, 2013

_____
EDWARD M. CHEN
United States District Judge