GREGORY C. CHENG, CA Bar No. 226865
gregory.cheng@ogletreedeakins.com
LAUREN M. COOPER CA Bar No. 254580
lauren.cooper@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA 94105
Telephone:    415.442.4810
Facsimile:    415.442.4870

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

ALAN F. COHEN, CA Bar No. 194075
cohenlaw@mindspring.com
LAW OFFICES OF ALAN F. COHEN
101 Montgomery Street, Suite 2050
San Francisco, CA 94104
Telephone:    415.984.1943
Facsimile:    415.984.1953

Attorneys for Plaintiff
AARON LEWIS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON LEWIS,<br><br>          Plaintiff,<br><br>     v.<br><br>HOME DEPOT U.S.A., INC., a corporation, ELENA PEREZ, an individual, and DOES 1-20,<br><br>          Defendants. | Case No.: CV 12-06354 EMC<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Action filed:  November 15, 2012 |

**IT IS HEREBY STIPULATED** by and between Plaintiff Aaron Lewis (hereinafter referred to as "Plaintiff" and/or "Lewis") and Defendant Home Depot U.S.A., Inc. (hereinafter referred to as "Defendant" and/or "Home Depot"), through their respective attorneys of record, that a Protective Order be entered by this Court as follows:

This Stipulation and Protective Order shall be applicable to and shall apply to the production and exchange of all document requests and documents, interrogatories and answers to interrogatories, depositions, request for admissions, and responses to requests for admissions, exhibits, and pleadings and all other information exchanged and furnished in this Action by the Parties that the parties customarily treat as confidential, proprietary, and/or a trade secret as defined by California Civil Code section 3426.1.

1.    **SCOPE**

(a)    The parties acknowledge that discovery may require disclosure of information that is private and personal or confidential and proprietary, specifically, including, but not limited to personnel records, personnel policies, employment offers, competitive analyses, income statements, employee, client, or customer personal information (including, but not limited to medical, age, and contact information), medical records, and financial records and statements, along with other trade secret information as defined in California Civil Code section 3426.1. As a result, the parties agree to enter into a Protective Order on the following terms to ensure the continuing confidentiality of such information. The parties further acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

(b)    This Protective Order shall limit the use or disclosure of documents, deposition testimony, and related information which are or which embody or disclose any information falling with the scope of Paragraph (1)(a) and designated hereunder as "Confidential," and shall apply to:

(i)    All such documents, including those produced by third parties, designated as "Confidential" in accordance with the terms of this Protective Order and the

1   applicable legal standards;

2           (ii)    Portions of deposition testimony and transcripts and exhibits thereto

3   which include, refer or relate to any Confidential Information;

4           (iii)   All information, copies, extracts and complete or partial summaries

5   prepared or derived from Confidential Information; and

6           (iv)    Portions of briefs, memoranda or any writing filed with or otherwise

7   supplied to the Court, which include or refer to any such Confidential Information.

8       (c)    Any person designating documents, testimony, or other information as

9   "Confidential" hereunder asserts that he or she believes in good faith that such material is

10  Confidential Information which falls within the scope of Section (1)(a) and is not otherwise

11  available to the public generally.  Each party or non-party that designates information or items

12  for protection under this Order must take care to limit any such designation to specific material

13  that qualifies under the appropriate standards.  A Designating Party must take care to designate

14  for protection only those parts of material, documents, items, or oral or written communications

15  that qualify so that other portions of the material, documents, items, or communications for

16  which protection is not warranted are not swept unjustifiably within the ambit of this Order.

17      **2.      DESIGNATION OF DOCUMENTS AND DEPOSITIONS**

18      (a)    Designation of a document as "Confidential" shall be made by stamping or

19  writing CONFIDENTIAL on the document(s).  Alternatively, the parties may designate

20  documents as "Confidential" by producing the documents with a letter designating the

21  documents by Bates number as "Confidential."  The parties shall make all reasonable effort to

22  designate as "Confidential" only those documents that they reasonably believe constitute

23  personnel records, personnel policies, employment offers, competitive analyses, income

24  statements, employee, client or customer personal information, medical records, financial

25  records and statements, and trade secret information as defined in California Civil Code section

26  3426.1.  The failure to designate documents as "Confidential" at the time of production shall not

27  constitute a waiver of the protection of this Order and any party may, at any time up to 30 days

28  before the actual trial date in this action, designate any documents or information produced as

1  "Confidential" that have not as yet been so designated.  Stamping the legend "Confidential" on

2  the cover of any multi-page document shall designate all pages of the document as confidential,

3  unless otherwise indicated by the Designating Party, but only if the entire document is produced

4  in a bound or otherwise intact manner.

5        (b)      Designation of a deposition or other pretrial testimony, or portions thereof, as

6  "Confidential" shall be made by a statement on the record by counsel for the party or other

7  person making the claim of confidentiality at the time of such testimony.  The portions of

8  depositions so designated as "Confidential" shall be taken only in the presence of persons

9  qualified to receive such information pursuant to the terms of this Protective Order: the parties

10 and their attorneys and staff, the court reporter, videographer, the deponent, and the deponent's

11 attorney.  Failure of any other person to comply with a request to leave the deposition room will

12 constitute sufficient justification for the witness to refuse to answer any question calling for

13 disclosure of Confidential Information so long as persons are in attendance who are not entitled

14 by this Protective Order to have access to such information.  The parties may, but need not in

15 order to designate material as Confidential Information, instruct the court reporter to segregate

16 such portions of the deposition in a separate transcript designated as "Confidential."  Portions of

17 such deposition transcripts shall be clearly marked as "Confidential" on the cover or on each

18 page, as appropriate.

19       (c)      Any party may designate documents produced or portions of depositions taken as

20 containing Confidential Information even if not initially marked as "Confidential" in accordance

21 with the terms of this Protective Order by so advising counsel for each other party in writing

22 and by reproducing said documents with the required confidential designation.  Thereafter, each

23 such document or transcript shall be treated in accordance with the terms of this Protective

24 Order; provided, however, that there shall be no liability for any disclosure or use of such

25 documents or transcripts, or the Confidential Information contained therein, which occurred

26 prior to actual receipt of such written notice.  Any person who receives actual notice of any such

27 designation of previously produced documents or deposition transcripts as containing

28

1    Confidential Information shall thereafter treat such information as if it had been designated as

2    "Confidential" at the time he, she, or it first received it in connection with this matter.

3         (d)     Inadvertent failure to designate Confidential Information shall not be construed

4    as a waiver, in whole or in part, and may be corrected by the producing party by designating

5    documents produced or portions of depositions taken as containing Confidential Information,

6    even if not initially marked as "Confidential," in accordance with the terms of this Protective

7    Order and, specifically, Paragraph 2(c) above.

8         **3.    LIMITATIONS ON DISCLOSURE OF CONFIDENTIAL INFORMATION**

9         (a)     No Confidential Information shall be disclosed by anyone receiving such

10   information to anyone other than those persons designated herein.  In no event shall

11   Confidential Information be used, either directly or indirectly, by anyone receiving such

12   information for any business, commercial or competitive purpose or for any purpose whatsoever

13   other than the direct furtherance of the litigation of this action in accordance with the provisions

14   of this Protective Order.

15        (b)     Confidential Information shall not be disclosed by any person who has received

16   such information through discovery in this action to any other person, except to:

17             (i)      The parties;

18             (ii)     Attorneys of record for the parties and their firms' associates, clerks and

19   other employees involved in the conduct of this litigation, and any court reporters,

20   videographers, or interpreters engaged to assist the parties in discovery;

21             (iii)    Home Depot's subsidiaries', or its affiliates' in-house counsel;

22             (iv)     Non-party experts and consultants engaged by counsel for the purpose of

23   preparing or assisting in this litigation, and those experts' respective clerks and employees

24   involved in assisting them in this litigation, to the extent deemed necessary by counsel;

25             (v)      The Court, its officers, Court reporters and similar personnel, provided

26   further that Confidential Information lodged with the Court under seal is subject to further

27   evaluation by the Court;

28

(vi)    Any person as to which it is apparent from the face of a document was either an author, recipient, had knowledge of the contents therein, or was otherwise entitled to view the Confidential Information prior to the intended disclosure in this action; and

(vii)   Any other potential witnesses whose testimony may be used in connection with the present case who has complied with Paragraph 3(c) immediately below.

(c)    Before any person described in Paragraphs 3(b)(iv) and (vii) receives or is shown any document or information which has been designated as Confidential, such person shall be given a copy of this Protective Order and shall agree in writing, in the form of the Acknowledgment and Agreement attached hereto as Exhibit A, to be bound by the terms hereof. The original of each such Acknowledgment and Agreement shall be maintained by counsel and, if a witness appears at deposition or at trial and represents that he or she previously executed an Acknowledgment, it shall be produced for inspection by opposing counsel upon request.  Any counsel may require the other counsel to provide a copy of the Acknowledgment and Agreement signed by a witness at a deposition before the witness is deposed with regard to any Confidential Information.

(d)    Nothing in this Protective Order shall be construed to require execution of the written Acknowledgment and Agreement referred to in Paragraph 3(c) above, or to prevent disclosure of Confidential Information, by the party producing and designating such Confidential Information, or by any employee of such party.

(e)    The substance or content of Confidential Information, as well as all notes and memoranda relating thereto, shall not be disclosed to anyone other than as set forth in Paragraphs 3(b)(i)-(vii) above.

4.    **FILING DOCUMENTS UNDER SEAL**

(a)    If a Party wishes to submit a document to the Court which the other Party has designated as Confidential or which contains Confidential Information and which has not been successfully challenged under Paragraph 5 below, the submitting Party shall notify the Designating Party of the exact material which the Party intends to submit to the Court at least 15 days prior to the date on which the Party intends to make the submission, so as to provide the

1    Designating Party sufficient time to determine whether it needs to bring a motion ordering that

2    the material be filed under seal, except that if the designating party cannot provide notice within

3    seven days prior to submission it will provide notice as soon as practicable.  Any such motion

4    must comply with the procedures set forth in Civil Local Rule 79-5 General Order 62, and must

5    also comply with Federal Rule of Civil Procedure 26(c)(1).  The written application and

6    proposed order shall be presented to the judge along with the document intended to be

7    submitted for filing under seal.  The original and judge's copy of the document shall be sealed

8    in separate envelopes with a copy of the title page attached to the front of each envelope.  If

9    only a portion of the document is sealable, then both the copy lodged with the Clerk and the

10   judge's copy shall have the sealable portions identified by notation or highlighting of the text.

11          The Application and Order to Seal, along with the material to be placed under seal, shall

12   not be electronically filed but shall be filed manually in the manner prescribed by Civil Local

13   Rule 79-5 and General Order 62.  A Notice of Manual Filing shall also be electronically filed,

14   identifying all materials being manually filed.

15          (b)      Any party requesting that a record be filed under seal must comply with Civil

16   Local Rule 79-5 and General Order 62.  The Parties agree and recognize that Confidential

17   Information or any paper containing Confidential Information cannot be filed under seal based

18   solely upon this stipulated Protective Order.

19          **5.       CHALLENGE TO CONFIDENTIALITY DESIGNATION**

20          Any party or non-party may challenge a designation of confidentiality at any time.

21   Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to

22   avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant

23   disruption or delay of the litigation, a Party does not waive its right to challenge a

24   confidentiality designation by electing not to mount a challenge promptly after the original

25   designation is disclosed.

26          The Designating Party may, for good cause shown, bring a motion before the Court

27   requesting that the Court confirm the designation of any document or information as

28   "Confidential."  The party asserting the designation as "Confidential" shall have the burden of

1    establishing good cause for the designation in any such motion.  However, the Court shall be

2    authorized to award the moving party attorneys' fees as a sanction if the challenge to the

3    "Confidential" designation was made in bad faith or was frivolous.  The interested parties or

4    other persons shall attempt to resolve such disagreements before submitting them to the Court

5    pursuant to Civil Local Rule 37-1.

6         Failure by the Designating Party to make such a motion including the required

7    declaration within 21 days (or 14 days, if applicable) shall automatically waive the

8    confidentiality designation for each challenged designation. In addition, the Challenging Party

9    may file a motion challenging a confidentiality designation at any time if there is good cause for

10   doing so, including a challenge to the designation of a deposition transcript or any portions

11   thereof. Any motion brought pursuant to this provision must be accompanied by a competent

12   declaration affirming that the movant has complied with the meet and confer requirements

13   imposed by the preceding paragraph.

14        Unless the Designating Party has waived the confidentiality designation by failing to file

15   a motion to retain confidentiality as described above, pending resolution of any dispute

16   concerning such designation, all parties and persons governed by this Protective Order shall

17   treat all documents and information previously designated as "Confidential" as protected from

18   further disclosure by this Protective Order.

19        **6.    SURVIVAL OF ORDER - RETURN OF DOCUMENTS**

20        (a)    The provisions of this Order shall continue in effect until otherwise ordered by

21   the Court, or after notice and an opportunity to be heard is afforded to the parties to this action.

22   The final determination or settlement of this action shall not relieve any person who has

23   received Confidential Information or agreed to be bound by the terms of this Protective Order of

24   his, her, or its obligations under this stipulation and Order.  The Court shall retain jurisdiction

25   after such final determination or settlement to enforce the provisions of this Order.  Upon

26   completion of the litigation, all documents (including copies of documents) containing

27   Confidential Information shall be destroyed or returned to counsel for the producing party,

28   except that (a) documents on which any person has made notations may be destroyed and not

1    returned, and (b) the parties' respective attorneys of record may retain one copy of each such

2    document for use in connection with any disputes which may arise under the Court's retention

3    of jurisdiction as provided for herein.  Within sixty days (60) of the conclusion of this litigation,

4    and written request by the producing party, the attorneys for the receiving party shall provide

5    the attorneys for the producing party a certificate representing that such return or destruction

6    was made.

7            (b)       Except as provided in Paragraphs 4 or 6 hereof, documents or things containing

8    the other party's Confidential Information shall at all times be in the physical possession of

9    those persons qualifying under Paragraph 3 hereunder, or kept by counsel of record at the

10   premises regularly maintained by such counsel of record as and for their respective law offices.

11           **7.     USE OF DOCUMENTS AT TRIAL**

12           This Stipulation and Protective Order, except as provided in Paragraph 4, shall not apply

13   to information designated or marked Confidential hereunder which is used at any evidentiary

14   hearing or trial in this action.  The parties hereby reserve their rights to use, or seek to limit the

15   disclosure of, confidential information at any such hearing or trial.

16           **8.     USE OF OWN DOCUMENTS BY PRODUCING PARTY**

17           Nothing in this Protective Order shall limit the use by any party, person or entity of his,

18   her, or its own document or information for legitimate business purposes unrelated to this

19   litigation, even if such documents or information have been designated as "Confidential."

20           **9.     APPLICATIONS TO COURT**

21           (a)       This Protective Order shall not preclude or limit any party's right to oppose or

22   object to discovery on any ground which would be otherwise available.  This Protective Order

23   shall not preclude or limit any party's right to seek *in camera* review or to seek further and

24   additional protection against or limitation upon production or dissemination of information

25   produced in response to discovery, including documents and their contents.

26           (b)       Any person to or by whom disclosure or inspection is made in violation of this

27   Protective Order, and who has knowledge of this Protective Order, shall be bound by the terms

28   hereof.

(c)     The parties hereto, and all other persons who receive Confidential Information pursuant hereto, agree that any party or other person injured by a violation of this Order does not have an adequate remedy at law and that an injunction against such violation is an appropriate remedy.  In the event any person shall violate or threaten to violate any terms of this Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person.  In the event the aggrieved party shall do so, the responding person subject to the provisions of this Order shall not employ as a defense thereto the claim that the aggrieved party has an adequate remedy at law.  Any persons subject to the terms of this Order agree that the Court shall retain jurisdiction over it and them for the purposes of enforcing this Order, including but not limited to issuing an injunction.  In addition to injunctive relief, as specified herein, the Court may impose monetary and/or issue sanctions, as well as other relief deemed appropriate under the circumstances for a violation of this Protective Order.

(d)     If any deponent required under the terms of this Protective Order to execute the written Acknowledgment and Agreement described in Paragraph 3(c) above refuses to do so, the parties may complete the deposition on other matters and/or adjourn it and move the Court for any appropriate relief, including (without limitation) relief from this Protective Order as to that deponent, or an order that the deponent shall execute the written agreement described in Paragraph 3(c) above, or an order that deponent shall be bound by the terms of this Protective Order, or any other order that the Court deems just.  Any non-party whose Confidential Information is the subject of such a motion shall be given notice thereof.

## 10.   AGREEMENT TO COOPERATE

The parties hereto and their respective attorneys of record agree that, when one party's attorney requests a deponent to sign the written Acknowledgment and Agreement described in Paragraph 3(c) above, the other party's attorney will join in such request, unless that attorney has a good faith basis for refusing to join in such a request; provided, however, that this requirement shall not apply with respect to any deponent who is represented at his or her deposition by an attorney of record for any party hereto (including any member or associate of their respective law firms).  An attorney's request to sign such Acknowledgment pursuant to

1   this Paragraph shall not be construed to constitute legal advice to the deponent, but shall and

2   may be stated to be simply a request to facilitate discovery in this action.

3       **11.   NO ADMISSIONS**

4       Neither entering into this Stipulation for Protective Order, nor receiving any documents

5   or other information designated as "Confidential" shall be construed as an agreement or

6   admission: (1) that any document or information designated as "Confidential" is in fact

7   Confidential Information; (2) as to the correctness or truth of any allegation made or position

8   taken relative to any matter designated as "Confidential"; or (3) as to the authenticity,

9   competency, relevancy or materiality of any information or document designated as

10  "Confidential."

11      **12.   NO WAIVER OF PRIVILEGES OR OBJECTIONS TO ADMISSIBILITY**

12      Nothing in this Protective Order shall be construed as requiring disclosure of

13  Confidential Information, including, but not limited to, materials subject to protection under the

14  attorney-client privilege and/or attorney work product doctrine, the trade secrets privilege, or

15  under any other applicable privileges or rights of privacy, or requiring disclosure of

16  Confidential Information that is otherwise beyond the scope of permissible discovery.  Further,

17  nothing in this Protective Order shall be construed as a either a bar to admission or a waiver by

18  a party of any objections that might be raised as to the admissibility at trial of any evidentiary

19  materials.

20      **13.   DISCLOSURE IN VIOLATION OF ORDER**

21      If any Confidential Information is disclosed to any person other than in the manner

22  authorized by this Protective Order, the party responsible for the disclosure must immediately,

23  upon learning of that Confidential Information has been disclosed, in writing, notify the

24  opposing party and the Designating Party of all pertinent facts relating to such disclosure, and

25  without prejudice to the rights and remedies of the Designating Party, make every effort to

26  prevent further unauthorized disclosure.

27      **14.   MODIFICATION - FURTHER AGREEMENTS**

28      Nothing contained herein shall preclude any party from seeking from a Court

1  modification of this Stipulated Protective Order upon proper notice, nor shall anything

2  contained herein be construed as to preclude the parties from entering into other written

3  agreements designed to protect Confidential Information.

4      **15.**   **COUNTERPARTS**

5      This Stipulation for Protective Order may be executed in counterparts, each of which

6  shall be deemed an original and which together shall constitute one instrument.

7  DATED:  April 3, 2013               LAW OFFICES OF ALAN F. COHEN

8

9                                /s/ *Alan Frederick Cohen*

10                 By:   Alan Frederick Cohen
                       Law Offices of Alan F. Cohen

11                         Attorneys for Plaintiff
                       AARON LEWIS

12  DATED:  April 3, 2013               OGLETREE, DEAKINS, NASH, SMOAK
                       & STEWART, P.C.

13

14                               /s/ *Gregory C. Cheng*

15                 By:   GREGORY C. CHENG
                       LAUREN M. COOPER

16                         Attorneys for Defendants
                       HOME DEPOT U.S.A., INC.

17                        **[PROPOSED] ORDER**

18      **GOOD CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED THAT**

19  the provisions of the concurrently-filed stipulation between the parties regarding the use and

20  protection of Confidential Information (the "Stipulated Protective Order") shall be entered as

21  the Order of the Court and be binding upon the parties.  In all other respects, the parties must

22  comply with the procedures set forth in Local Rule 79-5, General Order 62 and must also

23  comply with Federal Rule of Civil Procedure 26(c)(1).

24      **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

25

26  DATED: _____4/5_____, 2013

27                  THE HON.
                JUDGE OF                  DISTRICT

28                  COURT

IT IS SO ORDERED

Judge Edward M. Chen

1

## EXHIBIT A

2

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3    I, _____, hereby certify that:

4    1.    My present address is _____.

5    2.    My present employer is _____.

6    3.    My present occupation or job description is _____.

7    4.    I have received a copy of the Protective Order in the above-captioned case and

8    agree to be bound by the terms of the Protective Order.

9    5.    I have carefully read and understand the provisions of the Protective Order.

10   6.    I will hold in confidence and not disclose to anyone not qualified under the

11   Protective Order, any Confidential Information or any portion or substance thereof provided to

12   me in the course of this litigation.

13   7.    I will return all materials containing Confidential Information or any portions or

14   copies, summaries, abstracts or indices thereof, which come into my possession, and documents

15   or things that I prepared relating thereto and containing such Confidential Information, to

16   counsel for the party by whom I am retained or employed, or to counsel by whom I am retained

17   or employed, when my services in this matter have been concluded.

18   8.    I understand that if I violate the provisions of this Protective Order, I may be

19   subject to sanctions by the Court, among other things.

20   9.    I hereby submit to the jurisdiction of the United States District Court for the

21   Northern District of California for the purpose of enforcement of this Protective Order against

22   me.

23   I declare under penalty of perjury under the laws of the State of California and the

24   United States of America that the foregoing is true and correct.

25

26   Dated:_____    Signature:_____

27

28

13                 Case No. CV 12-06354 EMC

STIPULATED PROTECTIVE ORDER