UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AARON LEWIS,

        Plaintiff,

   v.

HOME DEPOT U.S.A., INC., *et al.*,

        Defendants.
_____/

No. C-12-6354 EMC

**ORDER RE *IN CAMERA* REVIEW OF MEDICAL DOCUMENTS**

        The parties in the above-referenced case have stipulated to an *in camera* review of certain medical records related to the treatment of Plaintiff. *See* Docket No. 30 (stipulation). Plaintiff has lodged a copy of the documents with the Court, and the Court has reviewed those documents. Having reviewed the documents, the Court hereby orders that some, but not all, documents be produced. The Court notes that, for some documents (Bates-stamped 20, 21, 24, and 136) it has not been able to conduct an in camera review because the doctor's handwritten notes are illegible. However, given the Court's rulings here, the parties should be able to meet and confer and work out any remaining disputes with respect to these documents. If not, the parties should file a joint letter within two weeks of the date of this order, addressing what the remaining dispute is and each party's respective position. Plaintiff must also transcribe any handwritten notes, if necessary, to enable the Court's review and resolution of the dispute.

        The Court's rulings here are informed by the parties' compromise agreement that Plaintiff would produce documents responsive to the modified subpoena. *See* Docket No. 30 (Stip. ¶ 7).

(1) Plaintiff shall produce documents Bates-stamped 5-6, 9-12, and 131-32 because they are probative of an injury related to stress.

(2) Plaintiff need not produce documents Bates-stamped 16-18 and 53-54 because they do not appear to be responsive to the modified subpoena.

(3) Plaintiff shall produce documents Bates-stamped 39-42 because the modified subpoena specifically asks for billing and insurance information.

This order resolves Docket No. 30.

IT IS SO ORDERED.

Dated: June 12, 2013

_____
EDWARD M. CHEN
United States District Judge

2