United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AARON LEWIS,

    Plaintiff,

v.

HOME DEPOT U.S.A., INC., *et al.*,

    Defendants.
_____/

No. C-12-6354 EMC

**ORDER (1) RE LETTER BRIEFS OF JULY 29, 2013, JULY 30, 2013, AND AUGUST 6, 2013; AND (2) DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**

**(Docket Nos. 32, 34, 35, 38)**

    Defendant has asked the Court to order Plaintiff to execute authorization forms permitting the release of information from the Employment Development Department ("EDD") and the Social Security Administration ("SSA") related to Plaintiff's claims for and receipt of disability benefits. Plaintiff has opposed the request. For the reasons discussed below, the Court stands by its original order **GRANTING** Defendant relief, *see* Docket No. 33 (order), and **DENIES** Plaintiff's motion for leave to file a motion for reconsideration.

    With respect to EDD documents, Plaintiff has no standing to raise the privilege of the EDD. Moreover, ordering Plaintiff to execute an authorization form does not prohibit the EDD from asserting any privilege, as it did in *Richards v. Superior Court*, 258 Cal. App. 2d 635 (1968) (addressing claim of privilege by EDD with respect to medical evaluation performed by doctor that EDD referred plaintiff to for an examination and report). The Court also notes that, in *Richards*, the state appellate court specifically noted that the plaintiff (as opposed to the EDD) had waived any claim of privilege on her own behalf by bringing her personal injury suit. *See id.* at 637-38

("Plaintiff's purported 'consent' here is simply a recognition of the legal fact that, as between herself and the personal injury defendant, she could be compelled to waive any privileges which restrict a full investigation of her present claim. The privilege with which we are involved is that asserted by the Department of Employment, a public agency.").

As for the SSA documents, similar to above, Plaintiff has no basis to assert any privilege on behalf of the SSA, and, in any event, the Court's order here does not bar the SSA from raising any privilege. The Court also notes that there is no statute or regulation under the Social Security Act – or at least none has been cited by Plaintiff – that is comparable to the state statutes on which the *Richards* court relied in finding that the EDD documents were privileged. Finally, to the extent Plaintiff contends that he does not have control over the SSA documents, that is belied by the federal regulations. *See, e.g.*, 20 C.F.R. § 401.35 ("The Privacy Act gives you the right to direct access to most records about yourself that are in our systems of records."). *Clark v. Vega Wholesale*, 181 F.R.D. 470 (D. Nev. 1998), is distinguishable as, there, the medical records were in the possession of the plaintiff's doctor, not the SSA.

This order disposes of Docket Nos. 32, 34, 35, and 38.

IT IS SO ORDERED.

Dated: August 9, 2013

_____
EDWARD M. CHEN
United States District Judge

2