United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AARON LEWIS,

        Plaintiff,

    v.

HOME DEPOT U.S.A., INC., *et al.*,

        Defendants.
_____/

No. C-12-6354 EMC

**ORDER RE JOINT DISCOVERY LETTER OF NOVEMBER 26, 2013**

**(Docket No. 44)**

    Currently pending before the Court is the parties' joint discovery letter of November 26, 2013. Having considered the contents of that letter, the Court hereby rules as follows.

    The Court agrees with Plaintiff that an in-person meet and confer at the courthouse would be beneficial as both parties seem to be taking unreasonable positions. For example, in Category 1 ("The essential functions of Mr. Lewis' position and how they were determined to be essential"), Defendant states that it is "troubled" by the second portion of the category. Defendant suggests that the second portion is compound, asks for a legal conclusion, and is irrelevant. The first two objections are clearly without merit. As for the third objection, it too is without basis. While Defendant might deem certain functions of the position "essential," Plaintiff is entitled to test the characterization of a given function as essential, and, in this respect, it is reasonable for Plaintiff to understand how and why Defendant deemed a function essential.

    As another example, in Category 5, ("Defendant's previous accommodation of store employees with disabilities or restrictions that limit their ability to work on their feet, including those who use a wheelchair or motorized cart"), the Court assumes that Plaintiff wants to determine

whether Defendant can actually make accommodations for him, and, if Defendant has made accommodations for other persons with disabilities, that would demonstrate that Defendant is capable of doing the same for him. However, Defendant fairly points out that, for any legitimate comparison, the employees would need to have disabilities similar to Plaintiff's (in all material respects) and would have to work in a position with similar essential functions as Plaintiff's. On the other hand, Defendants' claim that having a deponent prepared to testify on the topic would be unduly burdensome (*i.e.*, because of a lack of a central database) is dubious, that is, assuming that time and geographic limitations can be worked out.

Accordingly, the Court orders the parties to attend a meet and confer at the courthouse on **January 6, 2014, at 10:00 a.m.** Counsel with full and complete authority on discovery matters shall appear and shall report to Courtroom 5 on the 17th floor. The parties should be prepared to meet and confer all day, if necessary, with respect to *all* of the categories in the deposition notice. The Court expects that the parties should be able to resolve all disputes without the need for judicial intervention and forewarns the parties that any party which takes a position not substantially justified risks being sanctioned.

This order disposes of Docket No. 44.

IT IS SO ORDERED.

Dated: December 17, 2013

_____
EDWARD M. CHEN
United States District Judge

2