UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON LEWIS,<br><br>        Plaintiff,<br><br>    v.<br><br>HOME DEPOT U.S.A., INC., *et al.*,<br><br>        Defendants.<br>_____/ | No. C-12-6354 EMC<br><br>**ORDER RE JOINT DISCOVERY LETTER OF FEBRUARY 20, 2014**<br><br>**(Docket No. 54)** |

        Currently pending before the Court is the parties' joint discovery letter of February 20, 2014. Having considered the contents of that letter, the Court hereby **GRANTS** Defendant's request for leave to take a physical, mental, and vocational examination.

        With respect to Plaintiff's physical condition, it is in controversy because Plaintiff has claimed that Defendant failed to accommodate his physical disability related to his foot. There is also good cause for the physical examination given that there are questions as to the extent of that disability.

        With respect to Plaintiff's mental condition, it is also in controversy because Plaintiff appears to be seeking ongoing or future damages. Although the damages Plaintiff seeks are related to his physical condition, if Plaintiff did in fact have a mental condition that prevented him from working (as he claimed to the Social Security Administration), then Defendant would have a basis for arguing that no ongoing or future damages should be awarded. Because Plaintiff's current mental condition is thus at issue, there is also good cause for Defendant to take the mental examination.

Finally, the Court shall permit the vocational examination to the extent it is in connection with the above physical and mental examinations. Even the authority cited by Plaintiff indicates that such a vocational examination is permissible. *See Storms v. Lowe's Home Ctrs., Inc.*, 211 F.R.D. 296, 298 (W.D. Va. 2002) (concluding that, "where a party seeks a mere vocational assessment *not connected with any physical or mental examination* . . . , Rule 35 is not implicated") (emphasis added); *Stanislawski v. Upper River Servs.*, 134 F.R.D. 260, 262 (D. Minn. 1991) (suggesting that a vocational examination is permissible where it is a "necessary component of [the permitted] medical evaluation").

The Court therefore grants Defendant's motion but orders the parties to meet and confer to discuss "the time, place, manner, conditions, and scope of the examination[s], as well as the person or persons who will perform [them]." Fed. R. Civ. P. 35(a)(2)(B).

This order disposes of Docket No. 54.

IT IS SO ORDERED.

Dated: February 24, 2014

_____
EDWARD M. CHEN
United States District Judge

2